UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian T. Roberts, | ) C/A No. 6:13-809-HMH-JDA |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| TD Bank, *I/C/O William P. Crawford Jr.*, | ) |
| | ) |
| Defendant. | ) |

## *Background of this Case*

This is an action by a *pro se* litigant seeking damages from a creditor based on a violation of a bankruptcy discharge order entered on January 2, 2013, by the United States Bankruptcy Court for the District of South Carolina in Case No. 11-06855-BH (Bankr. D.S.C. Jan. 2, 2013), which started out as a Chapter 11 case on November 4, 2011, but was converted into a Chapter 7 case on May 16, 2012. A copy of the discharge of January 2, 2013, from the Bankruptcy Court appears as ECF No. 1-1.

Plaintiff states that on March 25, 2013, an employee of TD Bank telephoned Plaintiff to collect a debt discharged by the United States Bankruptcy Court for the District of South Carolina in Case No. 11-06855-BH. Plaintiff contends that this attempt to collect is contrary to the discharge order of the Bankruptcy Court and violates 11 U.S.C. § 524. Plaintiff seeks $101,000 in "PUNITIVE/COMPENSATORY DAMAGES" and a jury trial. Plaintiff also writes: "IT IS BELIEVED BY PLAINTIFF THIS COURT HAS JURISDICTION OVER THIS CASE[.]'" (ECF No. 1, at page 3).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and Plaintiff's Motion for Leave to Proceed *in forma pauperis*. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable.  *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  Even when considered under this less stringent standard, the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that a court can ignore a clear failure in

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking,* 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley,* 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3](3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining

3

jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

There is no jurisdiction for this District Court to review matters pertaining to Plaintiff's closed bankruptcy case because no appeal is pending. *See* 28 U.S.C. § 158 ("The district courts of the United States shall have jurisdiction to hear appeals . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."), which is cited in *Davis v. Taylor*, Civil Action No. 2:12-3208-RMG-BM, 2012 WL 6055452, at *2 (D.S.C. Nov. 16, 2012); *see also* Local Civil Rule 83.IX.01 DSC ("Pursuant to 28 U.S.C. § 157(a), the Court hereby refers to the Bankruptcy Judges for this District all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11. *See* Procedures, 28 U.S.C. § 157.").

Attempts by creditors or debt collectors to collect on debts discharged by a bankruptcy court have been addressed by several Courts of Appeals. *See, e.g., Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1188 (9th Cir. 2011). Although the United States Court of Appeals for the Fourth Circuit has not addressed the issue, the few United States Courts of Appeals to address the matter have concluded that there is no private right of action for a creditor's or debt collector's violation of a discharge order issued by a bankruptcy court. *See, e.g.*, *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002) ("For these reasons we cannot say that Congress intended to create a private right

of action under § 524, and we shall not imply one."); and *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422–23 (6th Cir. 2000) ("Under the law as it now stands, however, we have no hesitancy in joining those courts (a clear majority) that have held § 524 does not impliedly create a private right of action."); *cf. Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 445 (1st Cir. 2000) ("Consistent with this determination, bankruptcy courts across the country have appropriately used their statutory contempt power to order monetary relief, in the form of actual damages, attorney fees, and punitive damages, when creditors have engaged in conduct that violates § 524.") (collecting cases), *amended on denial of rehearing* (1st Cir. Dec. 15, 2000). Plaintiff's available remedy is a motion filed in the Bankruptcy Court. *See, e.g.*, *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d at 1190 ("The district court correctly ruled that contempt proceedings for a violation of § 524 must be initiated by motion in the bankruptcy case under Rule 9014 and not by adversary proceeding.");[2] *In re Pratt*, 462 F.3d 14, 21 (1st Cir. 2006) ("Finally, the parties are in agreement that the bankruptcy court was to determine the issue as to whether GMAC violated the discharge injunction prior to determining damages. As the damages issue remains extant for factual determination, we remand to the bankruptcy court for that purpose."), and *In re Reyes*, 238 B.R. 507, 519–23 (Bankr. D.R.I. 1999).

---

[2]Rule 9014(a) of the Federal Rules of Bankruptcy Procedure states:

> In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.

5

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

March 27, 2013                                              s/Jacquelyn D. Austin
Greenville, South Carolina                          United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).